IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER H.,[1]

           Plaintiff,

    v.

KILOLO KIJAKAZI, Commissioner of Social Security,

           Defendant.

Case No. 6:21-cv-00970-HL

**OPINION AND ORDER**

**HALLMAN, U.S. Magistrate Judge.**

Heather H. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.  Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is reversed and the case is remanded for payment of benefits.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.  PLAINTIFF'S APPLICATION

Plaintiff filed her application for DIB in February 2019, alleging disability beginning November 17, 2017, due to mental health symptoms stemming from a sexual assault that

PAGE 2 – OPINION AND ORDER

occurred while Plaintiff served in the military. Tr. 255-56.[2] Plaintiff's claims were denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ). Tr. 209-18. After an administrative hearing, ALJ John Sullivan issued a written opinion denying Plaintiff's claim. Tr. 142-56, 157-82. Plaintiff then submitted an examination report and a Veteran's Affairs (VA) finding that Plaintiff was 100% disabled to the Appeals Council. Tr. 102, 278. The Appeals Council incorporated this new evidence into the record, but nevertheless denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.[3]

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 9-1).

[3] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 19).

PAGE 3 – OPINION AND ORDER

burden at any of those steps, the claimant is not disabled. *Id*.; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

### III.   THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. Tr. 147-53. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 1, 2018, Plaintiff's amended alleged onset date. Tr. 147. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: major depressive disorder; anxiety disorder; and posttraumatic stress disorder (PTSD). Tr. 147-48.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. Tr. 148.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform work at all exertional levels with the following limitations:

> [Plaintiff] is able to perform simple, routine tasks. She is able to perform simple work-related decision[s]. [Plaintiff] is capable of occasional social interaction with supervisors, coworkers and the public. Her ability to deal with changes in the work setting is limited to making simple work-related decisions. [Plaintiff's] time off-task can be accommodated by normal breaks.

Tr. 149.

PAGE 4 – OPINION AND ORDER

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 152. At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including kitchen helper, laundry worker, and industrial cleaner. Tr. 153. The ALJ therefore concluded that Plaintiff was not disabled from the alleged onset date through January 21, 2021, the date of the ALJ's decision. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony.[4] Plaintiff asserts that her testimony should be credited as true and, as a result, the case should be remanded for payment of benefits. For the reasons discussed below, this Court agrees.

## I.   SUBJECTIVE SYMPTOM TESTIMONY

### A.   Legal Standard

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of his symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the claimant must produce objective medical evidence of one or more impairments that could reasonably be expected to produce some degree of symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could

---

[4] Plaintiff also argues that the ALJ's decision was not supported by substantial evidence in light of the new evidence added to the administrative record by the Appeals Council. This evidence included 120 pages of records from the VA dated June 27, 2017, through January 18, 2018. Tr. 22-141. The Court must consider evidence added to the record in determining whether the Commissioner's decision is supported by substantial evidence. *Brewes v. Comm'r*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). Here, the evidence added to the administrative record was created before the relevant period during which Plaintiff claims disability began. The ALJ was therefore not required to provide legally sufficient reasons for rejecting this evidence; instead, the ALJ was required to address the evidence from the relevant period and assess its probative weight. Accordingly, the ALJ did not err with respect to the new evidence.

PAGE 5 – OPINION AND ORDER

reasonably be expected to cause the severity of the symptoms, but only to show that it could reasonably have caused some degree of the symptoms. *Id.*

Second, the ALJ must assess the claimant's testimony regarding the severity of the symptoms. *Id.* The ALJ can reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Thus, the ALJ must specifically identify the testimony that she does not credit and must explain what evidence undermines the testimony. *Holohan*, 246 F.3d at 1208. General findings are insufficient to support an adverse determination; the ALJ must rely on substantial evidence. *Id.* To discredit a plaintiff's testimony regarding the degree of impairment, the ALJ must make a "determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

### B. Analysis

In Plaintiff's function report to the Agency, she alleged being unable to work due to difficulties being around people and adapting to work settings, which Plaintiff attributed to sexual trauma experienced while serving in the military. Tr. 150, 321. At the administrative hearing, Plaintiff testified that she attempted to work in 2018, but was sexually harassed in the workplace and quit after a few months due to disabling anxiety. Tr. 150, 168-69, 502. Plaintiff testified that she experiences panic attacks and anxiety around other people, and that she stays in her room and finds it difficult to socialize with others, including her adult children. Tr. 170-71.

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. Tr. 147-52. The ALJ offered three primary bases for rejecting Plaintiff's testimony: (1) inconsistency with medical evidence; (2) minimal mental health treatment and noncompliance with treatment recommendations; and (3) activities inconsistent with claimed symptoms. On

review, the Commissioner asserts that each of these represented a valid basis for rejecting Plaintiff's subjective symptom testimony to the extent it was inconsistent with the RFC.

### 1.     Inconsistency with medical evidence

The ALJ first noted that Plaintiff's testimony was not supported by the medical records. Tr. 150. The ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. § 404.1529(c)(2); *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, "an ALJ cannot reject a claimant's subjective . . . symptom testimony simply because the alleged severity of the . . . symptoms is not supported by objective medical evidence." *Lingenfelter*, 504 F.3d at 1040 n. 11.

Here, while Plaintiff testified to problems following written or spoken instructions, the ALJ noted that examining psychologist Gregory Cole, Ph.D., observed that Plaintiff's immediate memory was only "slightly below average," and that Plaintiff's delayed memory was "average." Tr. 148, 505. Further, while Plaintiff claimed she had difficulties in getting along with others, with associated anxiety and panic attacks, the ALJ noted that Dr. Cole described Plaintiff as "cooperative" and "engaged," and assessed only moderate limitations in interacting with others. Tr. 148, 150, 169, 321-28, 475, 503. A mental status exam revealed Plaintiff's psychological status to be "grossly normal." Tr. 150, 483, 485. The ALJ was correct to conclude that this evidence does not corroborate the degree of severity of Plaintiff's alleged difficulties with memory, mental status, and social presentation. Without more, however, a lack of corroboration from objective medical evidence does not constitute a legally sufficient reason for rejecting a claimant's subjective symptom testimony. *Lingenfelter*, 504 F.3d at 1040.

Citing *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), the Commissioner argues that Dr. Cole's report is sufficient to justify the ALJ's rejection of Plaintiff's testimony. In

PAGE 7 – OPINION AND ORDER

*Molina*, the ALJ supported her conclusion that the claimant was not credible on the grounds that the claimant's allegations were undermined by her demeanor and presentation as described by the examining physician, and "inconsistent with other medical evidence in the record." *Id.* at 1113. By contrast, while Plaintiff's allegations are undermined by her demeanor and presentation as described by Dr. Cole, they are consistent with other medical evidence in the record. Specifically, examining physician Diane Powell, M.D., found Plaintiff guarded, irritable, angry, and depressed, with fair to poor insight. Tr. 32. Dr. Powell also noted that Plaintiff was not interested in treatment or psychotherapy "because she doesn't like being around people." Tr. 33. These observations corroborate Plaintiff's testimony that she was severely limited by her mental health symptoms. Because there is medical evidence in the record that supports Plaintiff's allegations of disabling limitations, lack of corroboration from Dr. Cole's examination findings does not constitute a legally sufficient reason for rejecting a claimant's subjective symptom testimony. *Lingenfelter*, 504 F.3d at 1040.

### 2. Minimal mental health treatment

The ALJ next found that Plaintiff's testimony regarding the severity of her limitations was unpersuasive because Plaintiff received only minimal mental health treatment and was noncompliant with treatment recommendations. Tr. 150-51. A claimant's course of treatment is a valid consideration for assessing the persuasiveness of a claimant's testimony. 20 C.F.R. § 404.1529(c)(3). Here, for example, Plaintiff's mental health provider noted in February 2019 that Plaintiff had not responded to phone calls regarding treatment for military sexual trauma (MST). Tr. 150, 483. The ALJ also noted Plaintiff failed to follow through on recommendations to follow up with the VA's MST program. Tr. 150, 483, 485. In December 2019, Plaintiff cancelled a therapy appointment, and in January 2020, Plaintiff's provider noted that she was not taking her prescribed mental health medication. Tr. 151, 474-49. Plaintiff also cancelled a follow-up

PAGE 8 – OPINION AND ORDER

appointment for mental health treatment and did not respond to attempts from her psychologist to schedule a follow-up appointment. Tr. 151, 473-74.

Plaintiff's absenteeism and reluctance to pursue and follow through with treatment for her allegedly severe mental health symptoms are consistent with her allegations of extreme social anxiety. Where there is no evidence suggesting that a claimant's failure to seek treatment is attributable to a mental impairment rather than personal preference, it is reasonable for an ALJ to conclude that the level or frequency of treatment is inconsistent with the alleged severity of complaints. *Melanie A. v. Saul*, 2021 WL 5240502 at *4 (E.D. Wash. 2021). Where the claimant has alleged a history of severe trauma, however, it is improper for the ALJ to find a failure to seek treatment without considering the claimant's reasons for noncompliance. *Rebecca C. v. Kijakazi*, 2022 WL 843215 at *7 (D. Or. 2022). Here, where Plaintiff has alleged persistent anxiety attacks, panic attacks, avoidance of people, persistent feelings of hatred towards people, distrust, hypervigilance, and feelings of detachment, there was ample explanation for Plaintiff's frequent avoidance of and failure to follow through with treatment. *Id.* at *7. Further, Plaintiff's failure to take prescribed medication is consistent with Plaintiff's allegations that her medications produced unwanted side-effects. Tr. 483. On this record, Plaintiff's course of treatment adds no weight to the ALJ's rejection of her testimony. 20 C.F.R. § 404.1529(c)(3).

### 3. Activities inconsistent with claimed symptoms

As a third reason for rejecting Plaintiff's testimony, that ALJ noted that Plaintiff's allegations of severe mental limitations were contradicted by her activities. The ALJ may find a claimant's testimony unpersuasive when the claimant's daily activities conflict with her alleged level of impairment. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021.) Here, the ALJ noted that despite claims that she was unable to leave her room due to anxiety, Plaintiff was able to drive her son across state lines in January 2019; stay in a motel; and "do[] everything" for her

PAGE 9 – OPINION AND ORDER

adult children. Tr. 151, 375, 477. Without more, these limited activities are consistent with Plaintiff's allegations that her symptoms wax and wane and that she often feels too anxious to even spend time with her family. Tr. 149, 151, 322, 326, 477.[5]

The ALJ also noted that Plaintiff communicated clearly during that administrative hearing and was able to schedule an appointment for dental implants. Tr. 151, 473. Both the administrative hearing and Plaintiff's scheduling conversation took place over the telephone. Tr. 145, 473. These two instances indicate that Plaintiff retains some ability to communicate by telephone; they do not contradict Plaintiff's allegations of disabling social anxiety while in public. Thus, the activities cited by the ALJ as evidence that Plaintiff was less disabled than alleged in her testimony do not constitute substantial evidence.

Because the ALJ failed to offer at least one specific, clear and convincing reason for rejecting Plaintiff's subjective symptom testimony, the ALJ's rejection of her testimony was harmful error.[6]

## II. REMEDY

### A. Legal standards.

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanri*, 246 F.3d

---

[5] Plaintiff's comment that she "does everything" for her children was taken out of context by the ALJ. The chart note containing this quote also documents that Plaintiff reported she often stayed in her room and felt too anxious to spend time with her family, which is consistent with Plaintiff's allegations of disability. Tr. 477.

[6] The Commissioner argues that, even if the ALJ improperly rejected Plaintiff's testimony, the RFC is nevertheless supported by substantial evidence, including the medical record. (ECF 17, at 12-13.) The Court rejects this argument. Because the ALJ erred in his evaluation of Plaintiff's testimony, the RFC does not include all of Plaintiff's functional limitations and is therefore unsupported by substantial evidence.

1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Generally, where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," the district court should remand for payment of benefits. *Garrison*, 759 F.3d at 1020.

In conducting this analysis, the district court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, whether the record is free from conflicts and ambiguities, and if there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.*

Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in

PAGE 11 – OPINION AND ORDER

fact, disabled[.]" *Garrison*, 759 F.3d at 1021.  Serious doubt can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act.  *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)).

    A.    **Analysis.**

This case meets the credit-as-true standard and should therefore be remanded for calculation and payment of benefits.

First, the record has been fully developed and further administrative proceedings would serve no useful purpose.  The Commissioner asserts that "additional proceedings" are necessary, citing *Treichler v. Comm'r*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). The *Treichler* court cautioned that this Court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions." *Id.* Here, however, the Commissioner fails to identify any further proceedings that would serve a useful purpose. The record in this case is fully developed, and if Plaintiff's testimony is credited as true, there is no need for further proceedings on remand.

Second, as explained above, the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting Plaintiff's testimony regarding her symptoms and limitations.

Third, if the improperly rejected evidence were credited as true, a finding of disability would be required.  Plaintiff described severe, recurrent mental health limitations that rendered her unable to work, despite her repeated attempts to sustain gainful employment. Given the

substantial functional limitations described in the improperly discredited testimonial evidence, if this evidence were credited as true, the ALJ would be required to find Plaintiff disabled.

Finally, this Court does not have serious doubts that Plaintiff is disabled. The Commissioner argues that Plaintiff is not disabled because untreated mental illness in not *per se* disabling. (ECF 17, at 15.) Here, however, Plaintiff's disabling limitations have been resistant to treatment for a variety of reasons, including consistent retraumatization in the workplace and other social settings. The Court is convinced by Plaintiff's multiple and varied attempts to seek treatment (*see, e.g.*, tr. 32, 390, 397, 423, 482, 501 (establishing care with at least six different providers during the relevant period)), that Plaintiff's symptoms and limitations do not constitute merely "untreated mental illness."

Because Plaintiff has satisfied the credit-as-true standard, and because the Court does not have serious doubt whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, this case is REVERSED and REMANDED for calculation and payment of benefits.

IT IS SO ORDERED.

DATED October 12, 2022.

/s/ ANDREW HALLMAN
ANDREW HALLMAN
United States Magistrate Judge